## Harden *versus* Hays.

1. That a deed was rejected on a former trial between the same parties is no conclusive objection to its admission on a subsequent trial, especially where the evidence, as to its execution, is different and improved. And where its execution is proved by the subscribing witnesses, and also by the declarations of the grantor, and there is evidence of its being and having been in the possession of the grantee, though this be not conclusive, it is proper to submit the question of its delivery to the jury.

2. That the memory of a witness has been strengthened by time, may detract from its credit, but does not affect its competency.

3. Where the declarations of a grantor are offered to be proved, in order to show, that at the time of making them he was *non compos mentis*, and to raise the inference that he was insane about twelve years before, when a deed was executed, and the adverse party admits that the grantor was insane at the time he made the declarations, it is not error to reject the declarations : Besides, the declarations of one, admitted to be insane at one time, are no evidence that he had not, at a former time, executed the deed.

4. The *order* of evidence is within the discretion of the court, before which the cause is tried.

5. Where it was offered to be proved that a deed was executed in pursuance of a parol contract: *Held*, That there was no inconsistency between the claim of title by deed and the title by parol. If the first failed, the party had the right to rely on the other, if proved.

ERROR to the District Court of *Allegheny county.*

This was an ejectment by Jacob Hays *v. Thomas* Harden, for a

[Harden *v.* Hays.]

tract of land in Allegheny county. Thomas Harden was the tenant of *James* Harden and wife, and Abraham Hays. Plaintiff and defendants claimed under *John* Hays. Jacob Hays, the plaintiff, claimed the whole land under a deed in his favor from John Hays, dated            1832, which deed was by others alleged to be void on account of insanity in John Hays. The defendants claimed two-fifths of the land, as heirs of John; Harden's wife being a sister, and Abraham being the brother of John. After the death of John Hays, James Harden and wife and Abraham Hays brought ejectment against Jacob Hays for two-fifths of the land, and recovered. The case was taken to the Supreme Court and the judgment was affirmed. See 6 *Barr* 368. Two wills of John Hays were also set up in another ejectment, but both were rejected. See 6 *Barr* 409.

On the trial of the ejectment by Harden and wife and Abraham Hays against Jacob Hays, on the part of Jacob Hays was produced the deed in his favor by John, above referred to. Charles Gibbs, a subscribing witness to it, was examined, but the deed was rejected on the ground that the execution of it was not proved.

On the trial of the present case, the same *subscribing witness* was examined. The deed was shown. He said, This is my signature as witness. * * I think I wrote John Hays' name to the deed, at that time. I have no recollection of writing it afterwards. I did not know what the paper was. Jacob and John said it was a contract. I asked John if he was satisfied; he said he was, it was a dealing between him and his brother. John Hays made *his mark.*

Cross-examined:—I saw him do it at that time, I think to both the deed and the receipt, &c.

The witness being referred to his former testimony, said: I was positive then as to his making his mark, but not as to both marks, &c.

The deed was offered, and objected to as not proved. The objection was overruled, and *defendants* except.

On the part of defendant, notes of the testimony of Charles Gibbs, the witness, were produced. See 6 *Barr* 368. In that testimony, Charles Gibbs says, that the mark John made, was the lower one,—the mark to the receipt on the deed.

On the part of defendant was given in evidence from the Common Pleas, commission et cetera, finding on the 5th December, 1844, John Hays a lunatic for forty years, with lucid intervals.

A witness was called, and after having testified to the general incapacity of John Hays, the defendant offered to prove the acts and declarations of John Hays, made at the time of the inquisition in 1844, for the purpose of shewing that he was then *non compos mentis*, and to raise the inference he was so in 1832. *The plaintiff admits his insanity in* 1844.

The evidence was objected to, and the objection sustained. Defendant excepted.

[Harden *v.* Hays.]

Defendant, after testimony as to unsoundness of mind in John, offered to prove that in 1844, on the investigation before the jury, John, in answer to a question of Jacob, denied the deed.   This to show his insanity at the time, and that he had not executed the deed in 1832.   Evidence rejected, and defendant excepted.

After defendant had rested, plaintiff offered to prove that the deed, given in evidence, was made in pursuance of a *parol* contract, made long before, and that frequently, since the execution of the deed, John Hays acknowledged that he made it.

It was objected, that the parol agreement was merged in the deed, and that the second part is matter *in chief.*

The court (LOWRIE, J.) said the deed must be admitted to be valid before the objection is tenable; that the parol agreement was executed by it, and that the second is matter of order.   The evidence was admitted, and defendant excepts.

Plaintiff afterwards offered to prove a parol contract, and possession delivered and improvements made, with the knowledge of John Hays.   ·Objected to as irrelevant.

Verdict for plaintiff.


It was assigned for error, that the court erred in admitting in evidence the deed—the execution and delivery not being proved. In 6 *Barr*, on the testimony of the same witness, the deed was excluded.

2. The court erred in ruling out the offer to prove the acts and declarations of John Hays, made at the time of the inquisition in 1844, to show that he was then *non compos mentis*, and to raise the inference that he was in the same condition in 1832.

3. That the court erred in overruling the offer of defendant to show John Hays' declarations in 1844, that he had not made the deed.

4. That the court erred in permitting proof of valuable improvements on the property; and

5. That the court erred in their charge, various specifications being assigned.


The case was argued by *McCandless* and *Woods*, for plaintiff in error.

By *Williams* and *Selden*, for defendant in error.


The opinion of the court was delivered by

ROGERS, J.—It is said that on a former trial, reported in 6 *Barr* 368, between the same parties, and on the evidence of the same witnesses, the deed given in evidence in this case was excluded; but that is no reason for rejecting it now, as it is conceded that the evidence is materially different and decidedly improved.   When the

[Harden *v.* Hays]

memory of a witness strengthens by time, that of itself detracts greatly from its credit, but its competency is not affected. The execution of the instrument was not only proved by the subscribing witnesses, but also by the repeated declarations of the grantor himself, subsequently and voluntarily made. There was also evidence of the delivery of the deed, for in addition to the proof already adverted to, it is in evidence, that it is now and ever has been since its execution, in the possession of the grantee; and, if the witnesses are believed, with the knowledge and acquiescence of the grantor. This, it is true, is not conclusive evidence of delivery, but it certainly is of such a nature as justifies the court in submitting the question of execution to the jury. Indeed, if, under such circumstances, the court withhold a deed from the jury, it is a palpable blunder.

The second and third errors may be considered together. The witnesses having testified as to the mental capacity of the grantor, the defendant offered to prove his acts and declarations at the time of the inquisition held in 1844, for the purpose of showing, as is stated in the bill, that he was then *non compos mentis*, and to raise the inference that he was so in 1832, the time of the execution of the deed. And further, in the third bill, he offered to prove that on the investigation before the jury, John Hays, in answer to a question of Jacob, denied the deed, viz.: Jacob called us back from the porch, said we had forgotten one thing. He went to the door and opened it, and asked John if he recollected signing a deed in that room, for one dollar. John jumped up, looked round and said it was all right; he remembered signing a refunding bond on constable business. This evidence was offered not only to prove the insanity of John at the time, but also to show he had not executed the deed. As one of the principal objects stated in both bills, was to prove the insanity of the grantor in 1844, that object was effectually obtained by the unqualified admission of that fact by the other party, and by inquisition found, pronouncing him to be a lunatic. But it was also offered in the first bill, to raise the inference that he was *non compos* in 1832. Now admitting that a legitimate inference could be drawn (which is by no means clear) that, because he was insane in 1844, he was so in 1832, yet the defendant had the same benefit of the inference, in the evidence already given. He was not only proved, but conceded to be *non compos*, and cumulative proof, multiplied to an indefinite extent, would have left the question where it found it. What additional strength would be derived from superadded proof of a fact, which no person ventured to dispute? But can it be that courts are bound to listen an indefinite time, at the pleasure of counsel, to evidence which cannot alter the result—to proof of facts already admitted to be true? This would be such a criminal waste of time, such imbecility in the judge, as would justify the legislature in

[Harden. *v.* Hays.]

removing him from office, which he disgraced. But it is said, in the third bill, that the evidence proves not only insanity, but that he did not execute the deed. There is nothing in the testimony whatever like a denial of, nor can I perceive any thing in the evidence offered, which has any bearing upon the deed. The most that can be made of it is, that John misapprehended Jacob's question, and under a mistake of his meaning, made a correct answer; for he recollected, as was the fact, that he executed a constable's bond, as Jacob's bail. This, so far from being an indication of an infirm mind, if it proves any thing, denotes intelligence and memory. But what tendency it has to prove he had not executed the deed in controversy, passes my comprehension. Can it be that the acts and declarations of an admitted madman can be admitted as evidence of his insanity twelve years before ? Without intending the slightest disrespect to those who hold a different opinion, it strikes me the proposition involves a palpable absurdity.

The defendant further complains that under an offer of evidence, the plaintiff was permitted to give testimony of a title by parol, with possession, which the court afterwards left to the jury to determine, was sufficient to enable the plaintiff to recover. The defendant alleges it was admitted out of its proper order, it being evidence of two different titles, which ought to have been produced in the first instance, and not reserved by way of rebuttal. To this it is a sufficient answer, that the order of evidence is necessarily a matter resting in sound discretion. It is so peculiarly the province of the court which tries the issue, that we would not undertake to interfere with it, unless in an extreme case. They alone can determine when the justice of the case requires a relaxation of the general rules, by which the introduction of evidence is regulated. But independent of this view of the question, the truth is, that here the exception is founded on a misapprehension of the nature of the defence. It is a mistake to suppose the plaintiff relied on two titles; it was but one title under different phases. The plaintiff's title rested on an alleged contract between him and John Hays, of which the evidence was twofold: first, a legal title by deed, duly executed; and second, if that title failed in consequence of his inability to prove the execution and delivery of the deed, then an equitable title by proof of a parol contract, arising at the same time, and out of the same transaction, accompanied with delivery of the possession, valuable improvements made on the premises, under the eye, and with the full knowledge and acquiescence of the vendor; to which may be added, proof of repeated acknowledgments of the bargain, by the grantor. There is, therefore, nothing wrong in this part of the case; nor do I perceive any reason to complain of the charge in relation to the parol contract, which is as favorable to the defendant as he had any right to expect.

[Harden *v.* Hays.] ·

There are some verbal criticisms on the charge, which it is not my intention to notice. These I dismiss with the remark, that if there be errors, they are of such a character as do not admit of redress in this court.

Judgment affirmed.